IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-CV-586-WKW [WO] |
| | ) | |
| ELMORE COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Elmore County Board of Education's ("Defendant") Motion to Dismiss for Lack of Federal Jurisdiction  (Doc. # 5.), which the court construes as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  As grounds for the motion, Defendant asserts deficiencies in Ms. Cooper's Complaint (Doc. # 1), which seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and 42 U.S.C. § 1981 and 1981a.   With respect to the Title VII race discrimination claim, Defendant asserts that Ms. Cooper failed to file her lawsuit within ninety (90) days of receiving her right-to-sue letter, and her claim is therefore untimely.  *See* 42 U.S.C. § 2000e-5(f)(1).  With respect to the § 1981 and § 1981a claims, Defendant states that the jurisdiction and venue allegations in the Complaint fail to invoke this court's jurisdiction pursuant to § 1981 and § 1981a.  Consequently, Defendant moves the court either to direct Ms. Cooper to amend her Complaint accordingly, or to dismiss for failing to allege jurisdiction properly.  (Def.'s Br., at 2.)  Ms. Cooper has filed a Response (Doc. # 11) to

which the Defendant submitted a Reply (Doc. # 12).  After careful review, Defendant's motion to dismiss Ms. Cooper's Title VII claim as untimely is due to be granted, and Defendant's motion for a court order directing Ms. Cooper to amend her complaint is due to be granted.

## I.  STANDARD OF REVIEW

### A.    Rule 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).).  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. 544, 545 (2007).

A defendant may move to dismiss a complaint on the ground that it is barred by the statute of limitations.  *See* Fed. R. Civ. P. 12(b)(6).  "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint'

that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)).  The regulatory deadlines applying to suits under the ADA are similar to a statute of limitations.  *See Washington v. Ball*, 890 F.2d 413, 414 (11th Cir. 1989) (citing *Bates v. Tenn. Valley Auth.*, 851 F.2d 1366, 1368 (11th Cir. 1988)); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir.1993).

### III.  DISCUSSION

### A.    The Title VII Claim is Untimely

A plaintiff seeking relief under Title VII must file his or her lawsuit within ninety days of receiving a right-to-sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1); *see also Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002); *Stallworth v. Wells Fargo Armored Servs Corp.*, 936 F.2d 522, 524 (11th Cir. 1991) (Title VII "requires that suit be brought within 90 days after receipt of notice of right to sue.").  Thus, if the complaint is not filed within ninety days, the right to sue is lost.  Under § 2000e-5(f)(1), the ninety day period begins to run from "the giving" of the notice of a right to sue.  Thus, it is the *receipt* of the notice that triggers the commencement of the ninety day filing period.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).

If the date of receipt is unclear, the Eleventh Circuit places the burden of proof on the plaintiff to establish that his lawsuit is timely.  *Green*, 281 F.3d at 1233 (Title VII plaintiff "has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter.").

3

Ms. Cooper filed her Complaint on July 9, 2010, some 98 days after the date on the right-to-sue letter, which is dated April 2, 2010.  (Docs. # 1, 5, Ex. A.)  However, Ms. Cooper's claim is not dismissable purely based on this fact, because it is the date she received the right-to-sue letter that is important.  Ms. Cooper avers in her Response that the letter was postmarked on April 5, 2010, which, taken as true, *see Iqbal*, 129 S.Ct. 1949, cuts three days off, reducing the interval to 95 days.  (Pl.'s Resp., at 2.)  Ms. Cooper goes on to state that these dates "[do] not necessarily mean that the complaint was untimely filed."  (Pl.'s Resp., at 2.)  However, Ms. Cooper is forgetful that it is *her burden* to establish that her lawsuit is timely.  *See Green*, 281 F.3d at 1233.  Because Ms. Cooper offers no further evidence, in the way of affidavits or otherwise, that she did not receive her right-to-sue letter on or after April 10, 2010, her Title VII claim is due to be dismissed.

**B.    Ms. Cooper Must Amend Her Complaint**

Second, Defendant moves under Federal Rule of Civil Procedure 12(b)(1) for the court to either dismiss Ms. Cooper's §§ 1981 and 1981a claims as failing to properly allege this court's subject matter jurisdiction and venue, or alternatively, to direct Ms. Cooper to amend her Complaint accordingly.

Agreeing with Defendant that, in its present form, Ms. Cooper's Complaint fails to sufficiently invoke this court's subject-matter jurisdiction and venue over her §§ 1981 and 1981a claims, she will be directed to file an amended complaint.

However, the court takes this opportunity to remind Ms. Cooper that § 1981 claims must be alleged as violations of 42 U.S.C. § 1983 because "§ 1983 constitutes the exclusive

4

federal remedy for violation by state actors of the rights guaranteed under § 1981," *Bryant v. Jones*, 575 F.3d 1281, 1288 n.1 (11th Cir. 2009) (citing *Butts v. County of Volusia*, 222 F.3d 891, 894-95 (11th Cir. 2000)); *see also Webster v. Fulton County, Ga.*, 283 F.3d 1254, 1256 (11th Cir. 2002) ("Section 1981 is enforceable against a municipality through 42 U.S.C. § 1983.")

Ms. Cooper is further reminded that "[t]o survive a motion to dismiss, [her] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombley*, 550 U.S. at 570).

## IV.  CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion to Dismiss Plaintiff's Title VII claim (Doc. # 5) is GRANTED, and that Plaintiff's Title VII claim is DISMISSED with prejudice.  It is further ORDERED that Plaintiff shall re-file an amended complaint in accordance with Part III.B of this opinion.

DONE this 7th day of December, 2010.

_____/s/ W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE